**Ruben AVILES-DIAZ, Petitioner,**

v.

**Jeff B. SESSIONS, Attorney General, Respondent.**

**No. 13-74250**

United States Court of Appeals, Ninth Circuit.

Submitted February 13, 2017 *
Pasadena, California

Filed February 16, 2017

Nancy Ellen Miller, Esquire, Reeves & Associates, APLC, Pasadena, CA, for Petitioner

Jessica E. Burns, Esquire, Trial Attorney, Lindsay M. Murphy, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: D.W. NELSON, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Ruben Aviles-Diaz, a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) admission of criminal conviction records in removal proceedings. Aviles-Diaz alleges the conviction records were not properly authenticated under 8 U.S.C.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§ 1229a(c)(3)(C) and 8 C.F.R. § 1003.41, and thus could not provide a basis for his removal under 8 U.S.C. § 1182(a)(6)(E)(i) for aiding and abetting alien smuggling. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

The IJ's admission of conviction records downloaded from the Public Access to Court Electronic Records (PACER) system [1] did not violate Aviles-Diaz's due process rights. *See Matter of J.R. Velazquez*, 25 I. & N. Dec. 680, 683 (B.I.A. 2012). The records were certified by a Department of Homeland Security official as having been electronically downloaded from PACER, which the certification identified as "a federal repository site containing records from the United States District, Bankruptcy, and Appellate Courts." The records on their face also indicate that they originate from the U.S. District Court for the Southern District of California. *See Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1196–97 (9th Cir. 2006). The government's proffered conviction records thus contain sufficient indicia of reliability to be admissible as evidence of Aviles-Diaz's removability. *See id.* at 1197; 8 C.F.R. § 1003.41(d).

The petition for review is **DENIED**.

---

1. PACER "is an electronic public access service that allows users to obtain case and docket information from [all] federal appellate, district, and bankruptcy courts." *Am. Civil Liberties Union v. U.S. Dep't of Justice*, 655 F.3d 1, 7 n.7 (D.C. Cir. 2011) (quoting PACER: Public Access to Court Electronic Records, http://www.pacer.gov).